UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| SHELBY TACKETT and JACK TACKETT, | ) ) | |
| | ) | Civil Action No. 7: 06-90-DCR |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Shelby Tackett and Jack Tackett filed this action in the Floyd Circuit Court on March 15, 2006, alleging medical negligence on the part of Narong Chalothorn and Big Sandy Health Care, Inc. [Record No. 1, attachment]  On May 8, 2006, the United States removed the action to this Court and sought to have itself substituted as the sole Defendant in the action in accordance with 28 U.S.C. 2679. [Record No. 1]  In conjunction with removal, the United States also moved to dismiss this action based on the Plaintiffs' failure to exhaust their administrative remedies. [Record No. 3]

At the time of removal and in accordance with 42 U.S.C. § 233, the United States Attorney for the Eastern District of Kentucky filed a certification indicating that, at the times alleged in the Complaint, Chalothorn was acting within the scope of his employment as an employee of Big Sandy Health Care, Inc., an entity receiving federal grant money from the United States Public Health Service. [Record No. 2, attachment]  Thus, that entity is eligible for

coverage under the Federal Tort Claims Act and Chalothorn is deemed to be an employee for Federal Tort Claims Act purposes. 42 U.S.C. § 233(g). Based on this certification, the United States was substituted as the sole Defendant in this action by Order dated May 31, 2006. [Record No. 8]

On May 15, 2006, the Plaintiffs moved the Court to remand this action back to the Floyd Circuit Court. In support of this motion, the Plaintiffs argue that removal was improper because it was not accomplished within thirty days of service. Presumably, the Plaintiffs rely upon 28 U.S.C. § 1446(b) in support of their position. In opposing this motion, the United States points out that under the Federally Supported Health Centers Assistance Act, the Federal Tort Claims Act is the exclusive remedy for actions such as the present action. Further, once the Attorney General has certified that a subject was acting within the scope of his or her employment during the relevant time period, the action may be removed to federal court at any time prior to trial. *Celestine v. Mount Vernon Neighborhood Health Center*, 289 F.Supp.2d 392, 397-98 (S.D.N.Y. 2003).

In responding to the motion to dismiss, the Plaintiffs request that, should their motion be denied, the action be either held in abeyance pending the filing of an administrative petition or dismissed without prejudice. [Record Nos. 6] However, it appears that jurisdiction is lacking unless administrative remedies have been exhausted. Therefore, it would be improper to retain jurisdiction over this action while the Plaintiffs' proceed with an administrative claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Garrett v. United States*, 640

F.2d 24, 25 (6th Cir. 1981); *Exclusive Jet Aviation v. United States*, 507 F.2d 508, 515 (6th Cir. 1974).

Accordingly, the United States having demonstrated that the Plaintiff has failed to exhaust their administrative remedies and that such exhaustion is required before jurisdiction is proper, it is hereby

**ORDERED** as follows:

1.      The Plaintiffs' motion to remand [Record No. 5] is **DENIED**;

2.      The United States' motion to dismiss [Record No. 3] is **GRANTED**.

3.      This action is **DISMISSED**, without prejudice, based on the Plaintiffs failure to exhaust administrative remedies.

4.      This is a **FINAL** and **APPEALABLE** Order and there is no just cause for delay. This 20th day of June, 2006.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**